```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SHEENA ALI and YAJAIRA BADILLO,              :        24 Civ. 3938 (GS)
                                             :
                         Plaintiffs,         :        ORDER
                                             :
           - against -                       :
                                             :
HIGH-STEPPERS CORP. d/b/a City Lights,       :
JOHN MIGILLICO, and VICTOR A.                :
RODRIGUES,                                   :
                                             :
                         Defendants.         :
-------------------------------------------------------------X
```

**GARY STEIN, United States Magistrate Judge:**

      This is an action asserting claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). The Court is in receipt of the parties' fully executed Negotiated Settlement Agreement and Wage and Hour Claim Release (Dkt. No. 16-1 (the "Settlement Agreement" or "Settl. Agmt.")) and counsel's letter seeking approval thereof (Dkt. No. 16 ("Ltr.")) pursuant to *Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199 (2d Cir. 2015). After carefully reviewing the provisions of the Settlement Agreement, I find that it cannot be approved at this time because it contains several impermissible non-economic provisions.

      The Court first examines the economic provisions of the Settlement Agreement, which in the Court's view are fair and reasonable. Under the Settlement Agreement, Plaintiffs will receive $30,000 ($15,000 each) of the total settlement consideration of $45,000. (*See* Ltr. at 3; Settl. Agmt. Ex. 1). This represents approximately 30% of their combined claim for unpaid wages of $98,000

as calculated by Plaintiffs' counsel, and approximately 14% of their total alleged damages including liquidated damages, prejudgment interest, and statutory penalties. (Ltr. at 2 & Ex. B).

While this percentage recovery is well below the "50%" recovery touted by Plaintiffs' counsel (Ltr. at 2),[1] it cannot be said to be unreasonable, particularly given that, as represented in counsel's letter, the facts are disputed by Defendants and the settlement eliminates the risks associated with a trial as well as the risks of collection. (*Id.*). Moreover, a portion of Plaintiffs' claimed damages relates to their employment during 2019 and 2020, more than three years before the filing of the Complaint in 2024, and hence would not be recoverable under the FLSA due to its three-year statute of limitations. Measured against their alleged FLSA damages, Plaintiffs' recovery thus is somewhat higher than the percentages above indicate. Considering the totality of the circumstances and the factors set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012), I find the settlement amount to be a reasonable compromise. *See, e.g.*, *Mikityuk v. Cision US Inc.*, No. 21 Civ. 510 (LJL), 2022 WL 3013107, at *4 (S.D.N.Y. July 29, 2022) (approving settlement providing for net recovery of 30% of plaintiffs' claimed unpaid wages).

---

[1] Counsel's 50% calculation is based on the overall settlement consideration of $45,000. But his clients are receiving only $30,000 of that amount. In calculating percentage recoveries for purposes of *Cheeks* review, courts typically (and logically) look to the "net settlement" proceeds going to the plaintiff, after "deduction of attorneys' fees and costs" from the total settlement amount. *E.g.*, *Garcia v. Cloister Apt Corp.*, No. 16 Civ. 5542 (HBP), 2019 WL 1382298, at *2 (S.D.N.Y. Mar. 27, 2019).

Next, I find counsel's combined fee and costs award of $15,000 to be fair and reasonable. This represents one-third of the overall settlement amount of $45,000, consistent with what counsel represents to be his agreement with his clients. (Ltr. at 3). "[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Vargas v. Pier 59 Studios L.P.*, No. 18 Civ. 10357 (VSB), 2021 WL 6066088, at *2 (S.D.N.Y. Nov. 4, 2021). A lodestar "cross-check" yields a multiplier of 2.1 (Ltr. at 3), which is also within the range of what courts have considered reasonable in FLSA cases, particularly where, as here, the case has settled at a relatively early stage. *See Clarke v. City of N.Y.*, No. 23 Civ. 2158 (GS), 2024 WL 2866984, at *3 (S.D.N.Y. June 5, 2024).

Three of the non-economic terms of the Settlement Agreement, however, do not pass muster under *Cheeks* and its progeny. The first is the release provision in Paragraph 3, in which Plaintiffs agree to release Defendants "from all claims, known or unknown, by Plaintiffs and against Defendants, from the beginning of time up until the date of this Agreement." (Settl. Agmt. ¶ 3). This is a full-fledged general release, and it is the only release in the Settlement Agreement; Defendants do not release any claims they may have against Plaintiffs. Thus, although counsel's letter represents that the Settlement Agreement raises none of the "red-flag" issues identified in *Cheeks* and, more specifically, that "the release contained in the agreement is not overbroad" (Ltr. at 1), those representations are not accurate. *Cheeks* specifically cautions against "overbroad release[s]" that would "'waive practically any possible claim against the defendants, including unknown

claims and claims that have no relationship whatsoever to wage-and-hour issues." *Cheeks*, 796 F.3d at 206 (citation omitted). "Courts in this District routinely reject" such general release provisions, particularly where, as here, the releases are "not mutual and protect[] only the defendants." *Alvarez v. Schnipper Rests. LLC*, No. 16 Civ. 5779 (ER), 2019 WL 5682633, at *3 (S.D.N.Y. Nov. 1, 2019) (citations omitted); *see also Espinoza v. Westside Supermarket LLC*, No. 21 Civ. 8368 (GS), 2024 WL 2291760, at *3 (S.D.N.Y. May 20, 2024). The Court likewise rejects the impermissibly overbroad release provision here.

Second, Paragraph 7 of the Settlement Agreement contains the following non-disparagement clause: "Plaintiffs agree not to make any disparaging, negative, or defamatory comments regarding the Defendants, whether written, oral, or electronic." (Settl. Agmt. ¶ 7). As with the release, this non-disparagement clause runs only one way; there is no limitation on what Defendants can say about Plaintiffs. "Courts in this District routinely reject FLSA settlement agreements that contain non-disparagement provisions with no carve-out for truthful statements about the litigation." *Hong v. N.Y. Meat, Inc.*, No. 21 Civ. 8253 (VSB), 2023 WL 7414950, at *2 (S.D.N.Y. Oct. 10, 2023). Such a provision "'impermissibly restricts Plaintiff[s'] ability to communicate with others in an effort to vindicate their statutory rights'" and "will not [be] approve[d]" even where—unlike Paragraph 7 here—it is mutual. *Id.* at *3 (quoting *Zapata v. Bedoya*, No. 14 Civ. 4114 (SIL), 2016 WL 4991594, at *2 n.2 (E.D.N.Y. Sept. 13, 2016)).

The non-disparagement clause in Paragraph 7 contains no carve-out for truthful statements about the litigation. The provision is quoted above in its entirety. The Court notes that the *next* paragraph, entitled "Non-Cooperation" (discussed further below), contains a carve-out stating as follows: "nothing *herein* shall be construed to preclude Plaintiff from discussing or disclosing the facts alleged in this litigation, any factual or legal positions taken by the parties that relate to the allegations in this litigation, or any truthful statements about Plaintiffs' experience litigating the Lawsuit or this settlement." (Settl. Agmt. ¶ 8) (emphasis added). It is at best unclear whether this carve-out applies to the non-disparagement clause in Paragraph 8; its placement within Paragraph 8 naturally suggests that its effect is limited to the restrictions contained "herein," *i.e.*, in Paragraph 8. Accordingly, unless the Settlement Agreement is modified so that the non-disparagement clause contains an explicit carve-out for truthful statements, as required by applicable law, this provision will also not be approved.

Finally, Paragraph 8's Non-Cooperation clause provides as follows:

> To the fullest extent permitted by law, Plaintiffs are not to encourage, cooperate with, aid or assist in any way, any other potential or actual claimants or plaintiffs, including their respective attorneys, that have or may have in the future any claims, actions, lawsuits or charges against the Defendants (except to the extent required by law). Such claimants or plaintiffs ay include both current and former employees, or individuals who are or may be thinking of pursuing an action against the Defendants. Plaintiffs may cooperate only if compelled to testify under oath pursuant to a lawfully issued subpoena or other similar legal process and agree that such cooperation will be limited to only what is necessary.

(*Id.*).

"As other courts in this District have recognized, '[s]uch a provision in an FLSA settlement is contrary to the remedial purposes of the statute.'" *Wallace v. Int'l House of Pancakes, LLC*, No. 21 Civ. 6993 (MKV), 2024 WL 1855670, at *4 (S.D.N.Y. Apr. 29, 2024) (quoting *Leon-Martinez v. Cent. Cafe & Deli*, No. 15 Civ. 7942 (HBP), 2017 WL 1743935, at *2 (S.D.N.Y. Apr. 13, 2017)).  Consequently, "'courts routinely reject provisions that bar a FLSA plaintiff from cooperating with other claimants.'" *Ramirez v. Columbus Rest. Fund IV, LLC*, No. 20 Civ. 8053 (VSB), 2022 WL 429089, at *3 (S.D.N.Y. Jan. 10, 2022) (quoting *Rose v. Solar Realty Mgmt. Corp.*, No. 16 Civ. 9766 (LGS), 2017 WL 11569030, at *1 (S.D.N.Y. Mar. 31, 2017)); *see also Anzovino v. Wingate of Dutchess, Inc.*, No. 21 Civ. 7625 (AEK), 2023 WL 348024, at *3 (S.D.N.Y. Jan. 20, 2023) ("This language—requiring Plaintiff not to 'participate voluntarily in . . . any lawsuit or proceeding of any kind brought or asserted by any person against [Defendants]'—would effectively 'bar a[n] FLSA plaintiff from cooperating with other claimants' and is the sort of provision that 'courts routinely reject' in FLSA settlements.") (quoting *Ramirez*, 2022 WL 429089, at *3).

It is true, as mentioned above, that there is a carve-out at the end of Paragraph 8 providing that nothing in the paragraph precludes Plaintiffs from discussing or disclosing facts related to this litigation.  (Settl. Agmt. ¶ 8).  But counsel's letter does not argue that the carve-out salvages this otherwise-improper non-cooperation clause, and the Court perceives no reason why it should.  That is

particularly true given the breadth of the non-cooperation clause, which extends to *any* potential claim or lawsuit against Defendants asserted by *any* potential claimant.  Under this provision, Plaintiffs would, for example, be barred from cooperating with or assisting in a prospective class action claiming there were workplace safety violations at Defendants' business, even though Plaintiffs would not be releasing their own workplace safety claims under the Settlement Agreement as revised pursuant to this Order.  Employers may not use FLSA settlements to leverage protection from liability in this manner.  *See, e.g.*, *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) ("[T]he Court will not countenance employers using FLSA settlements to erase all liability whatsoever in exchange for partial payment of wages allegedly required by statute.").

For the foregoing reasons, the Court **DENIES** approval of the Settlement Agreement at this time.  By **Wednesday, March 12, 2025**, the parties are directed to file a revised Settlement Agreement that modifies and/or deletes Paragraphs 3, 7, and 8 consistent with this Order, or, in the alternative, to submit a joint letter indicating their intention to continue litigating this action.

**SO ORDERED.**

DATED:    New York, New York
          February 19, 2025

GARY STEIN
United States Magistrate Judge