```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SHEENA ALI and YAJAIRA BADILLO,            :      24 Civ. 3938 (GS)
                                           :
                        Plaintiffs,        :      ORDER
                                           :
        - against -                        :
                                           :
HIGH-STEPPERS CORP. d/b/a City Lights,     :
JOHN MIGILLICO, and VICTOR A.              :
RODRIGUES,                                 :
                                           :
                        Defendants.        :
---------------------------------------------------------------X
```

**GARY STEIN, United States Magistrate Judge:**

This is an action asserting claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). On November 21, 2024, pursuant to *Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199 (2d Cir. 2015), the Court received the parties' fully executed Negotiated Settlement Agreement and Wage and Hour Claim Release (Dkt. No. 16-1 (the "First Agreement" or "First Agmt.")) and counsel's letter seeking approval thereof (Dkt. No. 16 ("Ltr.")). On February 19, 2025, the Court declined to approve the proposed agreement because it contained several impermissible non-economic provisions. (Dkt. No. 17). On March 12, 2025, the parties submitted a Revised Negotiated Settlement Agreement and Wage and Hour Claim Release. (Dkt. No. 18 ("Revised Agreement" or "Rev. Agmt.")).

The Court previously found the settlement amount and counsel's combined fee and costs award to be fair and reasonable. (Dkt. No. 17 at 1–3). The economic terms of the Revised Agreement remain the same as in the First Agreement. Thus,

the Court need only review the non-economic terms of the Revised Agreement.

The Court previously declined to the approve the First Agreement because it found three of the non-economic terms impermissible under *Cheeks* and its progeny: (1) the Non-Cooperation Clause at Paragraph 8 (*id.* at 5–7); (2) the non-disparagement clause at Paragraph 7, which lacked a carveout for truthful statements (*id.* at 4–5); and (3) the overly broad and nonmutual general release provision at Paragraph 3 (*id.* at 3–4). Notably, the Non-Cooperation Clause has now been removed in its entirety, so the provision need not be considered

### A. Non-Disparagement Clause

The Court previously rejected the non-disparagement clause in the First Agreement because it did not contain a carve-out for truthful statements. (*Id.* at 4 (citing *Hong v. N.Y. Meat, Inc.*, No. 21 Civ. 8253 (VSB), 2023 WL 7414950, at *2 (S.D.N.Y. Oct. 10, 2023) ("Courts in this District routinely reject FLSA settlement agreements that contain non-disparagement provisions with no carve-out for truthful statements about the litigation."))). In the Revised Agreement, the non-disparagement clause has been amended to provide as follows:

> Plaintiffs agree not to make any disparaging, negative, or defamatory comments regarding the Defendants, whether written, oral, or electronic. However, nothing herein shall be construed to preclude Plaintiff from discussing or disclosing the facts alleged in this litigation, any factual or legal positions taken by the parties that relate to the allegations in this litigation, or any truthful statements about Plaintiffs' experience litigating the Lawsuit or this settlement.

(Rev. Agmt. ¶ 7). As the non-disparagement clause in Paragraph 7 now contains an

explicit carve-out for truthful statements about the litigation, as required by law, the Court deems it fair and reasonable under *Cheeks*.

   **B. Release**

The revised release provision at Paragraph 3, however, has not been cured of its deficiencies from the First Agreement. (Rev. Agmt. ¶ 3). The Court previously rejected the general release because it was both nonmutual and overbroad. (Dkt. No. 17 at 3–4). As revised, the provision remains one-sided, limiting only Plaintiffs' claims against Defendants, and the attempt to narrow the provision is still insufficient.

The First Agreement's general release provided that "Plaintiffs release Defendants from all claims, known or unknown, by Plaintiffs and against Defendants, from the beginning of time up until the date of this Agreement." (First Agmt. ¶ 3). Under Paragraph 3 of the Revised Agreement, "Plaintiffs release Defendants from all claims, known or unknown, by Plaintiffs and against Defendants as *relating to their working relationship and/or employment*." (Rev. Agmt. ¶ 3 (emphasis added)). Paragraph 3 then clarifies that this release "includes, *but is not limited to,* all FLSA and NYLL wage and hour claims that were asserted or could have been asserted by Plaintiffs against Defendants and Releases[1] in the Action." (*Id.* (emphasis added)).

---

[1] Presumably the drafters intended to refer to "Releasees" and not "Releases." Even assuming that was their intent, the term is meaningless because "Releasees" (or, for that matter, "Releases") is not defined in the Revised Agreement.

"The 'uniquely protective' nature of the FLSA means courts will not approve settlements containing overly broad release provisions." *Burgos v. JAJ Cont. Furniture Inc.*, No. 23 Civ. 3739 (KMK), 2024 WL 3834147, at *4 (S.D.N.Y. Aug. 14, 2024) (citation omitted). As the Court stated in its prior decision (Dkt. No. 17 at 3–4), *Cheeks* specifically cautions against "overbroad release[s]" that would "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Cheeks*, 796 F.3d at 206 (citation omitted); *see also Thallapaka v. Sheridan Hotel Assocs. LLC*, No. 15 Civ. 1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) ("[A]n employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA.") (citation omitted). Yet the release in Paragraph 3 is not limited to wage-and-hour claims, but instead extends to "all claims, known or unknown, . . . relating to [the parties'] working relationship and/or employment." There are many potential claims that such a provision would bar beyond wage-and-hour claims, such as, *inter alia*, health and safety or civil rights violations. *See Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (rejecting a broad release that would "bar plaintiffs from any further redress against defendants . . . even if (for example) they should later become beneficiaries of an environmental class action brought to redress a toxic tort, causing serious illness, that they could not have suspected at the time their FLSA claims were settled"). Thus, the release remains overbroad.

"Judicial disfavor of broad releases is especially pronounced," where, as here the release is "'not mutual and protect[s] only the defendants.'" *Weng v. T&W Rest., Inc.*, No. 15 Civ. 08167 (PAE) (BCM), 2016 WL 3566849, at *5 (S.D.N.Y. June 22, 2016) (quoting *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016)). However, a broad release that mutually restricts the parties may be deemed to be fair and reasonable in some circumstances. *See, e.g.*, *Matatia v. Kavouras Corp.*, No. 24 Civ. 7569 (AEK), 2025 WL 1079201, at *3 (S.D.N.Y. Apr. 8, 2025) ("While the Proposed Settlement Agreement contains general releases, they are appropriately mutual in all respects, were negotiated by competent counsel for both sides, and involve a former employee who has no ongoing relationship with the employer."); *Weng*, 2016 WL 3566849, at *5 (approving mutual general release in non-class action FLSA settlement negotiated by competent counsel for both sides; "[u]nder these circumstances, a general release of the kind proposed in this case will bring closure to both sides and is not unfair"); *Souza v. 65 St. Marks Bistro*, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015) (noting a "willing[ness] to approve" general release if the release were made "mutual in all respects" because "[a] mutual release will ensure that both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes").

Because the release in Paragraph 3 of the Revised Agreement, while narrower than its counterpart in the First Agreement, remains overbroad and

nonmutual, the Court cannot approve it under *Cheeks*. The parties may bring the provision into compliance either by further narrowing the release so that it extends only to wage-and-hour claims or by making the release mutual. *See Lopez*, 176 F. Supp. 3d at 346 (directing parties to "[n]arrow the release provisions to claims arising out of the same facts that gave rise to the wage-and-hour" claims advanced in the action "or, in the alternative, revise all general release provisions to make them mutual").

The Court further notes that the last page of the Revised Agreement contains a bold-faced paragraph in all capital letters reciting that Plaintiffs "intend[] to waive, settle and release all claims Plaintiffs have or might have against Defendants and Releasees." (Rev. Agmt. at 4). This provision must also be revised in accordance with the above.

For the foregoing reasons, the Court **DENIES** approval of the Revised Agreement with leave to amend. By **Wednesday, April 30, 2025**, the parties are directed to file a second revised Settlement Agreement that modifies Paragraph 3 and the paragraph noted on page 4 consistent with this Order, or, in the alternative, to submit a joint letter indicating their intention to continue litigating this action.

**SO ORDERED.**

DATED:   New York, New York
         April 16, 2025

_____
GARY STEIN
United States Magistrate Judge