```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHEENA ALI and YAJAIRA BADILLO,            :
                                            :      24 Civ. 3938 (GS)
                        Plaintiffs,         :
                                            :      ORDER APPROVING
            - against -                     :      SETTLEMENT
                                            :      AGREEMENT
HIGH-STEPPERS CORP. d/b/a City Lights,      :
JOHN MIGILLICO, and VICTOR A.               :
RODRIGUES,                                  :
                                            :
                        Defendants.         :
------------------------------------------------------------X
```

**GARY STEIN, United States Magistrate Judge:**

This is an action asserting claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). On November 21, 2024, the parties submitted a fully executed Negotiated Settlement Agreement and Wage and Hour Claim Release (Dkt. No. 16-1 (the "Agreement")) and a letter seeking approval thereof pursuant to *Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199 (2d Cir. 2015). (Dkt. No. 16). On February 19, 2025, the Court declined to approve the proposed agreement because it contained several impermissible non-economic provisions. (Dkt. No. 17). On March 12, 2025, the parties submitted a Revised Negotiated Settlement Agreement and Wage and Hour Claim Release. (Dkt. No. 18 ("First Revised Agreement" or "FRA")). The Court again denied approval on April 16, 2025, and directed the parties to file a second revised settlement agreement that modified the release provision at Paragraph 3 of the FRA and related language on page 4 consistent with the Court's Order. (Dkt. No. 19). On April 29, 2025, the

1

parties filed a second revised settlement agreement. (Dkt. No. 20 ("Second Revised Agreement" or "SRA")).

The Court declined to approve the FRA because it found the nonmutual release provision at Paragraph 3 of the FRA to be overly broad. (Dkt. No. 19 at 3–6). That deficiency was now been cured. In the Second Revised Agreement, the release provision has been amended in relevant part to provide as follows:

> Plaintiffs release Defendants from all FLSA and NYLL wage and hour claims that were asserted against Defendants in the Action. The released claims include, but are not limited to, asserted FLSA and NYLL claims for regular and overtime wages and all related derivative benefit claims, liquidated damages interest on such claims, and attorneys' fees and costs (except as set forth herein) related to such claims through the date this Agreement is executed by both Parties.

SRA ¶ 3.

While Paragraph 3 remains nonmutual, the provision has been sufficiently narrowed to release only wage and hour claims asserted against Defendants in this action and is no longer overbroad. Thus, the Court deems it fair and reasonable under *Cheeks*. *See, e.g.*, *Guzman v. Raffana LLC*, No. 23 Civ. 10382 (GS), 2024 WL 2112379, at *1 (S.D.N.Y. Apr. 26, 2024) ("[A] non-mutual release has been approved where, as here, the scope of the release given by Plaintiffs is limited to the wage-and-hour claims that are the subject of Plaintiffs' lawsuit.").

In addition, the Court notes that the overly broad language on the last page of the First Revised Agreement has been sufficiently revised in accordance with the Court's Order. The language now provides that Plaintiffs "intend[] to waive, settle

and release *all wage and hour* claims Plaintiffs have brought against Defendants." (SRA at 4) (emphasis added).

With these revisions, the Second Revised Agreement merits approval under *Cheeks*. The economic terms reflected therein, including the settlement amount and Plaintiffs' counsel's attorneys' fees and costs, as well as the non-economic terms other than the release, were previously found to be fair and reasonable in the Court's Orders dated February 19, 2025 and April 16, 2025. (Dkt. No. 17 at 1–3; Dkt. No. 19 at 1–3).

Accordingly, the Second Revised Agreement is hereby **APPROVED**, and the action is **DISMISSED** with prejudice.

**SO ORDERED.**

DATED:   New York, New York
         October 14, 2025

_____
GARY STEIN
United States Magistrate Judge